# Richmond.

## Taylor v. Commonwealth.

### March 18, 1909.

1. Criminal Law—*Verdict Without Evidence—Case at Bar—Possession of Cocaine.*—The evidence in the case at bar is wholly insufficient to sustain a conviction of the satutory offense of having in possession, cocaine "with intent to sell, give away, or otherwise dispense the same." The cocaine was never ordered to be sent to this State, and only came into her borders as a result of a mistake made by the consignors. The defendant positively refused to receive the same, and never for a moment had any such possession of it as would have enabled him to do any of the acts forbidden by the statute. Upon such evidence no conviction can be rightly had.

Error to a judgment of the Corporation Court of the city of Norfolk. Defendants assign error.

*Reversed.*

The opinion states the case.

*James F. Duncan,* for the plaintiff in error.

No appearance for the Commonwealth.

Harrison, J., delivered the opinion of the court.

The plaintiff in error was convicted, under the act approved March 13, 1908, of having in his possession certain cocaine, with intent to sell, give away and otherwise dispense the same, and was sentenced to confinement in the penitentiary for a term of two years. Acts 1908, p. 378.

The facts shown by the record are that the defendant wrote

from the city of Norfolk, Va., to the Albany Chemical Co., of Albany, New York, directing that company to ship by express to his address at Henderson, in the State of North Carolina, the cocaine in question. By inadvertence, which the Albany Chemical Company admits was its mistake, the cocaine was sent by Adams Express Company to the address of the defendant in Norfolk, Va. On the arrival of the package, Adams Express Company attempted to deliver it to the defendant at Weisel's drug store, in Norfolk, where he worked, but the defendant refused to receive the same, and ordered the express company to forward it to Henderson, N. C. This the company declined to do, upon the ground that it had no express facilities at that point, advising the defendant to ship the package to Henderson, N. C., by the Southern Express Company. After some days delay, finding that Adams Express Company would not complete the carriage to North Carolina, the defendant gave a friend $2.00, requesting him to pay the express charges and to deliver the package to the Southern Express Company to be shipped to his address at Henderson, N. C. While carrying out these instructions, the friend, who did not know what was in the package, was arrested.

Upon these facts, the defendant was found guilty of being in possession of cocaine with intent to sell, give away and otherwise dispense the same in violation of the statute.

The learned Attorney General files no brief, properly conceding that this evidence was wholly insufficient to warrant the conviction complained of.

It is uncontradicted that the cocaine was never ordered to be sent to Virginia, and only came into her borders as the result of a mistake made by the consignors; that the defendant positively refused to receive the same, and never for a moment had any such possession of it as would have enabled him to do any one of the acts forbidden by the statute. That the defendant had no intention of selling, giving away or otherwise dispensing the cocaine in the State of Virginia in violation of her statute,

is shown by the State's own witness, who was taking the package to the Southern Express Company for the purpose of having it shipped to the State of North Carolina.

The judgment complained of must be reversed, the verdict of the jury set aside, and the case remanded for a new trial not in conflict with the views herein expressed.

*Reversed.*